# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SANDRA MARY KANE,**

    **Plaintiff,**

v.                                                Case No: 6:17-cv-176-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MEMORANDUM OF DECISION

Sandra Mary Kane (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying her applications for disability insurance benefits and supplemental security income. Doc. 1; R. 1-6, 219-31. Claimant argued that the Administrative Law Judge (the ALJ) erred by: 1) failing to include Claimant's visual functional limitations in the residual functional capacity (RFC) determination; and 2) failing to include Claimant's visual functional limitations in the hypothetical question to the vocational expert (VE). Doc. 21 at 15-30. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED**.

## I. THE ALJ'S DECISION

In April 2015, Claimant filed applications for disability insurance benefits and supplemental security income. R. 31, 219-31. Claimant alleged a disability onset date of April 4, 2014. *Id.*

The ALJ issued his decision on June 15, 2016. R. 31-41. In his decision, the ALJ found that Claimant had the following severe impairments: a history of traumatic subarachnoid

hemorrhage with right middle cerebral artery aneurysm, a left visual field defect, a seizure disorder, hypertension, and an adjustment disorder. R. 33. The ALJ found that Claimant had an RFC to perform less than a full range of light work as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b).[1] R. 36. Specifically, the ALJ found as follows:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with these specific restrictions: she can lift, carry and push/pull a maximum of twenty pounds occasionally and ten pounds frequently; she can sit for six hours in an eight-hour day; she can stand for six hours in an eight-hour day; she can walk for six hours in an eight-hour day; she can frequently perform overhead reaching with her left upper extremity; she can frequently perform all other reaching with her left upper extremity; she can frequently perform handling with her left hand; she can frequently feel and finger with her left upper extremity; she can occasionally climb ramps and stairs and never climb ladders, ropes, or scaffolds; she can occasionally balance; she can frequently stoop, kneel, crouch, and crawl; she can never operate a motor vehicle; she can tolerate only occasional vibration; she cannot tolerate exposure to hazards such as unprotected heights and moving machinery; she is limited to performing simple, routine tasks; she is limited to making simple work-related decisions.

*Id.* The ALJ posed a hypothetical question to the VE that was consistent with the foregoing RFC determination, and the VE testified that Claimant was capable of performing jobs in the national economy. R. 72-77. The ALJ thus found that Claimant was capable of performing jobs that existed in significant numbers in the national economy. R. 40-41. Therefore, the ALJ found that Claimant was not disabled between the alleged onset date and the date of the ALJ's decision. *Id.*

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b); 416.967(b).

## II. STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III. ANALYSIS

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The

ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c); 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). The ALJ must consider the claimant's ability to "meet the physical, mental, sensory, and other requirements of work." *See* 20 C.F.R. §§ 404.1545(a)(4); 416.945(a)(4). The ALJ must consider vision impairments and any resulting limitations and restrictions which may reduce the claimant's ability to do work.[2] *See id*. §§ at 404.1545(d); 416.945(d).

Here, Claimant argued that the ALJ erred by failing to include Claimant's visual functional limitations in Claimant's RFC. Doc. 21 at 15-18. The Court agrees.

On December 1, 2015, Sunita Patel, M.D., a reviewing state agency physician, conducted a physical RFC assessment of Claimant. R. 114-17, 128-32. Dr. Patel opined that Claimant suffered from visual limitations; specifically, limited left depth perception, limited left accommodation, and limited left field of vision. *Id*. Dr. Patel's opinion regarding Claimant's visual limitations is supported by evidence in the record. *See* R. 876, 1016, 1065, 1085-86, 1093-96, 1331, 1334, 1352, 1356.

The ALJ gave great weight to Dr. Patel's opinion because Dr. Patel's "opinion is consistent with the record as a whole, and because [state agency physicians are] noted to have program knowledge with respect to the criteria used to determine disability eligibility by the Social Security

---

[2] Various visual limitations – specifically, near acuity, far acuity, depth perception, accommodation, color vision, and field of vision – are factors that the Dictionary of Occupational Titles uses to describe the physical demands of an occupation. U.S. Department of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993), Appendix C.

Administration." R. 37. Yet despite giving Dr. Patel's opinion great weight and finding that Claimant had a visual field defect, the ALJ inexplicably found that "the record fails to establish significant work-related limitations related to [Claimant's visual field defect], apart from the previously noted restriction against operating a motor vehicle." R. 38. The ALJ provided no explanation as to why he chose to discount Dr. Patel's opinion regarding Claimant's visual limitations despite giving Dr. Patel's opinion great weight. And, upon review, the Court finds that the ALJ's decision to exclude Claimant's visual limitations from the RFC was not supported by substantial evidence. *See* R. 114-17, 128-32, 876, 1016, 1065, 1085-86, 1093-96, 1331, 1334, 1352, 1356; U.S. Department of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993), Appendix C (providing that depth perception, accommodation, and field of vision are factors that the Dictionary of Occupational Titles uses to describe the physical demands of an occupation, no different than stooping, kneeling, crouching, crawling, etc.).

In the Commissioner's portion of the brief, the Commissioner failed to direct the Court to any evidence, let alone substantial evidence, to suggest that Claimant did not suffer from the visual limitations opined to by Dr. Patel. Doc. 21 at 18-22. Instead, the Commissioner argued that the ALJ's decision was supported by substantial evidence because German Montoya, M.D., Claimant's treating neurosurgeon, did not suggest that Plaintiff was unable to work and did not identify any work-related restrictions that are inconsistent with the ALJ's RFC assessment. *Id*. (citing R. 1065-66). In effect, the Commissioner attacks a straw man by asserting that Dr. Montoya's opinion was consistent with the RFC and supported by substantial evidence (issues not directly in dispute), but failing to squarely address Claimant's argument that the functional limitations opined to by Dr. Patel and given great weight by the ALJ were left out of the RFC. The

Commissioner's argument is without merit. The medical record of Dr. Montoya cited to by the Commissioner is not a comprehensive opinion regarding Claimant's ability to do work.[3] R. 1065-66. That medical record does not include any opinions to suggest that Claimant is capable of working without restriction. And the fact that Dr. Montoya advised Claimant not to drive – without specifically opining as to other work-related restrictions related to Claimant's visual difficulties – does not equate to an opinion that Claimant's only work-related restriction was an inability to drive. Nor does Dr. Montoya's failure to opine as to specific, additional work-related restrictions somehow contradict Dr. Patel's opinion that Claimant suffered from specific visual limitations (i.e., limited depth perception, accommodation, and field of vision). To the contrary, Dr. Montoya's medical record contains support for Dr. Patel's opinion that Claimant suffered from visual limitations.[4]

Accordingly, because the ALJ's decision to exclude Claimant's visual limitations from the RFC was not supported by substantial evidence, Claimant's first argument is well-taken. This issue is dispositive and therefore there is no need to address Claimant's remaining argument. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors). The Court further notes that Claimant's argument regarding the hypothetical to the VE completely

---

[3] Aside from advising Claimant not to drive due to her visual difficulties, Dr. Montoya did not offer any opinions whatsoever regarding Claimant's work-related restrictions or ability to work. R. 1065-66. Dr. Montoya's note that Claimant "is already working, fully employed" is not a medical opinion regarding Claimant's work-related restrictions or ability to work. *Id*.

[4] The fact that Dr. Montoya's examination revealed a left homonymous hemianopsia and that Dr. Montoya advised Claimant not to drive because of "visual difficulties with the left homonymous hemianopsis" supports Dr. Patel's opinion that Claimant suffered from visual limitations.

relies on the Court finding that the ALJ had already committed reversible error with respect to the RFC and, for that reason, is redundant and unnecessary.

## IV. CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and against the Commissioner, and close the case.

**DONE** and **ORDERED** in Orlando, Florida on July 2, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Eric S. Fulcher
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3505 Lake Lynda Drive
Suite 300
Orlando, Florida 32817-9801